**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

DANNY RIVERA,

                 Plaintiff,

    v.                                            No. 10-CV-1500
                                                     (NAM/CFH)

C.O. P. DIANARDO,

                 Defendant.

---

**APPEARANCES:**                                **OF COUNSEL:**

DANNY RIVERA
10-A-2897
Plaintiff Pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN          DAVID L. COCHRAN, ESQ.
Attorney General for the                   Assistant Attorney General
  State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Danny Rivera ("Rivera"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action against Dianardo, a DOCCS employee, alleging violations of the Civil Rights Act, 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Rivera contends that Dianardo deprived him of his

---

    [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

constitutional rights under the Fourteenth Amendment. Id. Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 27. Rivera does not oppose this motion. For the reasons which follow, it is recommended that Dianardo's motion be granted.

### I. Failure to Respond

Rivera did not oppose defendant's motion although the Court notified him of his response deadline then sua sponte granted him an extension to file a response. Dkt. Nos. 28, 30. "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Dianardo provided notice in his motion papers as required by the Second Circuit and as normally done by the office of defendants' counsel. Id.; Dkt. No. 27-1. Further, the Court provided such notice by mail. Dkt. No. 30. Despite the notices and the extension of time, Rivera failed to respond.

"The fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 486. Even in the absence of a response, defendants are entitled to judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; FED. R. CIV. P. 56(c). "A verified complaint is to be treated as an affidavit . . . and therefore will be considered in determining whether material issues of fact exist . . . ." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted). The facts set forth in defendant's Rule 7.1 Statement of Material Facts (Dkt. No. 18-2) [hereinafter "Def.'s Statement"] are accepted as true as to those facts that are not disputed in Rivera's complaint. N.D.N.Y.L.R. 7.1(a)(3) ("The Court

shall deem admitted any properly supported facts set forth in the Statement of Facts that the opposing party does not specifically controvert.") (emphasis omitted).

## II. Background

At all relevant times, Rivera was an inmate at the Auburn Correctional Facility ("Auburn"). Def.'s Statement ¶¶ 2–3; Compl. at 2–3.

On November 29, 2010, Rivera filed the complaint to this action, alleging that defendant Dianardo, a correction officer, has "racist issue[s]" with the fact that Rivera is Muslim. Compl. at 4; see Def.'s Statement ¶¶ 1, 3. Rivera alleged that because of his religion, Dianardo (1) "all the time" called him by inappropriate names, (2) denied him three meals, and (3) denied him programs. Compl. at 4.; see Def.'s Statement ¶ 1. Rivera claims that he filed two grievances against Dianardo as well as written complaints to a Superintendent. Compl. at 2. As of October 16, 2012, DOCCS's Inmate Grievance Program records show that Rivera never appealed any grievances. Def.'s Statement ¶ 4; Hale Aff. (Dkt. No. 27-3) ¶¶ 3–4; Dkt. No. 27-4.

By Decision and Order, Rivera's Eighth Amendment claim regarding denied meals was dismissed without prejudice and Fourteenth Amendment claim regarding denied programming was dismissed with prejudice. Def.'s Statement ¶ 3; Dkt. No. 5 at 7. The only remaining claim is Rivera's Fourteenth Amendment equal protection claim alleging that Dianardo discriminated against him on account of his religion by calling him names and denying him meals and programming. Dkt. No. 5 at 4.

3

**III. Discussion**

Rivera contends that Dianardo violated his equal protection rights under the Fourteenth Amendment. Dianardo seeks dismissal of Rivera's complaint for Rivera's failure to exhaust his administrative remedies.

**A. Legal Standard**

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223–24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the

non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247–48.

### B. Failure to Exhaust

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 83 (2006). This exhaustion requirement applies to all prison condition claims. Porter, 534 U.S. at 532. "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall

5

confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Porter, 534 U.S. at 524.

Exhaustion for an inmate in DOCCS custody is generally achieved through the Inmate Grievance Program ("IGP"). See N.Y. COMP. CODES R. & REGS. tit. 7, § 701.1, et seq. (2012). Allegations of staff harassment are subject to an expedited procedure whereupon the complaint is first reviewed by the Superintendent and only if it is not a bona fide claim will it be returned to the IGP for normal processing. N.Y. COMP. CODES. R & REGS. tit. 7, § 701.8 (2012). Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with Central Office Review Committee ("CORC") and receive a response from CORC prior to filing a federal lawsuit. Torres v. Carry, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009); see also N.Y. COMP. CODES R. & REGS. tit. 7 § 701.5(d)(2)(ii) (2012) ("The CORC shall review each appeal, render a decision on the grievance, and transmit its decision . . . within 30 calendar days"). Disagreement with the superintendent's decision in the expedited review also requires an appeal to CORC. N.Y. COMP. CODES. R & REGS. tit. 7, § 701.8 (g)–(h); see also Espinal v. Goord, 588 F.3d 119, 125 (2d Cir. 2009) (explaining IGP and the expedited procedure for harassment claims and its appeal mechanism through CORC). Exhaustion must precede filing a lawsuit. Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed therefore is insufficient."), abrogated in part on other grounds by Porter, 534 U.S. 516.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. Cnty. of Orange, 467 F.3d 170, 175

(2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). The failure to exhaust may be excused in limited circumstances.

> In determining whether such an exception is applicable, a district court must apply a three-part test: First, the court must determine whether administrative remedies in fact were available to the prisoner. Second, if such remedies were available, the court must determine whether the defendants' own actions inhibited the inmate's exhaustion of administrative remedies, thereby requiring that one or more of them be equitably estopped from raising the failure to exhaust as a defense. Finally, if administrative remedies were available and the defendants are not estopped, the court must determine whether any special circumstances justify the prisoner's failure to comply with administrative procedural requirements.

Gayle v. Benware, 716 F. Supp. 2d 293, 298 (S.D.N.Y. 2010) (internal citations omitted); see generally Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (articulating above test as the appropriate method for excusing failure to exhaust given the present state of all Second Circuit opinions). "Unavailability of administrative remedies . . . is an objective [test]: that is, would a similarly situated individual of ordinary firmness have deemed them unavailable." Kasiem v. Switz, 756 F. Supp. 2d 570, 576–77 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). Estoppel occurs when "an inmate reasonably understands that pursuing a grievance through the administrative process will be futile or impossible . . . [as evidenced by] prison officials' threats, beatings, . . . denials of grievance forms, or by other misconduct deterring [the inmate] from fulfilling the requisite procedure." Id. at 577 (internal quotation marks and citations omitted). If an inmate claims estoppel and continues to file complaints and grievances, the exception is inapplicable. Id. Special circumstances exist when an inmate's failure to comply can be justified. Id. (citations omitted). Justification is found "by looking at the circumstances which might

7

understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004) (citations omitted).

In this case, DOCCS records do not show any grievances which were appealed regarding Rivera's meals and programming or complaints surrounding Dianardo's alleged discriminatory conduct. In Rivera's complaint, he contends that he filed grievances against Dianardo and a written complaint to the Superintendent. However, Rivera fails to respond to Dianardo's affirmative defense of exhaustion or originally include a copy of the complaint, grievance, or subsequent appeals. Rivera also fails to proffer that he ever attempted to engage in administrative appeals. Thus, Rivera's conclusory and unsupported claims are insufficient to defeat the computer print outs generated by the grievance program. Further, Rivera fails to contend that he was unaware of the grievance procedures, that they were unavailable to him, or that special circumstances existed to excuse his failure to exhaust. Rivera has therefore failed to exhaust his administrative remedies.

"[W]here a prisoner has failed to satisfy the exhaustion requirement . . . [t]he Second Circuit has held . . . that dismissal with prejudice, when remedies are no longer available, is required in the absence of any justification for not pursuing such remedies." Bridgeforth v. Barlett, 686 F. Supp. 2d 238, 239–40 (W.D.N.Y. 2010) (internal quotation marks omitted) (citing Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004) (quoting Berry v. Kerik, 366 F.3d 85, 87–88 (2d Cir. 2004)). Rivera had twenty-one calendar days from the alleged wrongful occurrence to file a grievance, N.Y. COMP. CODES. R & REGS. tit. 7, §§ 701.5(a), 701.8(a) (2012), and seven calendar days from receiving either the Inmate Grievance Resolution Committee's ("IGRC") or the superintendent's response to appeal that decision, id. §§ 701.5(c), 701.8(h). The lapse in time between Rivera filing the complaint on November 29,

2010 and the IGP records evidencing the lack of any appealed grievances as of October 16, 2012, shows that administrative remedies are no longer available to Rivera. Moreover, as previously discussed, Rivera has not alleged any facts excusing his failure to exhaust. Rodriguez v. Westchester Cnty. Jail Corr. Dep't, 372 F.3d 485, 487 (2d Cir. 2004) ("a prisoner's complaint should be dismissed with prejudice where administrative remedies were available for a reasonable length of time and were not exhausted 'in the absence of any justification.'" (citing Berry, 366 F.3d at 88)). As such, Rivera's suit should be dismissed with prejudice.

Accordingly, Dianardo's motion on this ground should be granted.

## IV. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Dianardo's motion for summary judgment (Dkt. No. 27) be **GRANTED** and judgment be entered in favor of Dianardo and the complaint (Dkt. No. 1) be **DISMISSED** with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 16, 2013
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge